

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0017-24, PD-0018-24, PD-0019-24, PD-0020-24, PD-0021-24 PD-0022-24, PD-0023-24, PD-0024-24 & PD-0025-24

### EX PARTE LUIS ANGEL RECENDIS-TREJO, LUIS ANGEL MARTINEZ HERNANDEZ, SIMON MARTINEZ MARTINEZ, JOSE CRUZ BATISTA-GARCIA, FRANCISCO ELPIDIO ALVARADO-ACEVEDO, DAVID MARTINEZ MARTINEZ, CANDIDO ANTONIO GOMEZ-MERCADO, GERARDO REYES URBINA SUAREZ & LUIS GUSTAVO VENTURA GIL, Appellants

### ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE TEXARKANA COURT OF APPEALS
### KINNEY COUNTY

*Per curiam.* YEARY, J., dissented.

## O P I N I O N

In each of these cases, Appellant was arrested for trespassing on private property. *See* TEX. PENAL CODE § 30.05(a). He filed a pretrial application for a writ of habeas corpus, arguing that the State was selectively prosecuting him in violation of his equal

protection rights. In each case, the trial court denied relief, Appellant appealed, and the court of appeals reversed the trial court's ruling denying relief and remanded the case for further proceedings.[1]

The State has filed a petition for discretionary review in each case, challenging the court of appeals' holding that Appellant's claim is cognizable in a pretrial habeas application.[2] We recently handed down our opinion in *Ex parte Aparicio*, No. PD-0461-23, ___ S.W.3d ___ (Tex. Crim. App. October 9, 2024), in which we held that Aparicio's selective prosecution claim was cognizable in a pretrial habeas application. We also held that Aparicio did not make a prima facie showing that he was arrested and prosecuted because of his gender.

Consistent with our opinion in *Aparicio*, we grant review on our own motion of the following ground in each case:

> Did Appellant make a prima facie showing that he was arrested and prosecuted because of his gender?

---

[1]*Ex parte Recendis-Trejo*, No. 06-23-00206-CR (Tex. App.—Texarkana November 30, 2023); *Ex parte Hernandez*, No. 06-23-00207-CR (Tex. App.—Texarkana December 5, 2023); *Ex parte Martinez*, No. 06-23-00208-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Batista-Garcia*, No. 06-23-00209-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Alvarado-Acevedo*, No. 06-23-00210-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Martinez*, No. 06-23-00211-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Gomez-Mercado*, No. 06-23-00213-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Suarez*, No. 06-23-00214-CR (Tex. App.—Texarkana December 1, 2023); *Ex parte Gil*, No. 06-23-00215-CR (Tex. App.—Texarkana December 1, 2023).

[2] After the State filed its petitions in this Court, the trial court entered an order in each case denying relief. The trial court lacked jurisdiction to do so. *See Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023) (pending appeal in habeas proceeding bars trial court from acting in that proceeding). Therefore, the cases before us are not moot.

Accordingly, in each case, we vacate the judgment of the court of appeals and remand the case to that court in light of our opinion in *Aparicio*. The State's petitions are refused. No motions for rehearing will be entertained, and the Clerk is instructed to immediately issue mandate.

DATE DELIVERED: DECEMBER 11, 2024
DO NOT PUBLISH